UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ROBERT OSBORNE,

                         Plaintiff,                      **SUA SPONTE**
                                                           **REPORT &**
  -against-                                 **RECOMMENDATION**

                                                             CV 20-0434 (GRB) (AYS)

TARGET CORPORATION,

                         Defendant.
----------------------------------------------------------X
**ANNE Y. SHIELDS, United States Magistrate Judge:**

       On September 14, 2019, Plaintiff, Robert Osborne ("Plaintiff"), commenced this action against Defendant, Target Corporation ("Defendant" or "Target"), alleging that he was injured inside one of Defendant's stores in May 2017. Specifically, Plaintiff's Verified Complaint alleges that on or about May 21, 2019, Plaintiff suffered severe injuries to his left shoulder as a result of a dangerous condition existing in a bike lever at the Target store located in the Green Acres Mall in Valley Stream, New York. (Compl., Docket Entry ("DE"), [1-1].)

       By Order dated November 2, 2021, this Court granted Plaintiff's counsel's motion to withdraw as counsel. (Order of Shields, M.J., dated Nov. 2, 2021.) Plaintiff has been afforded ample time to obtain new counsel or notify this Court that he intends to proceed pro se. However, Plaintiff has not communicated with this Court in any way, despite being notified of numerous deadlines by which to do so. For the reasons set forth below, and, in particular, the fact that Defendant will be prejudiced by Plaintiff's protracted lack of any involvement in this matter, this Court respectfully recommends that this action be dismissed, with prejudice.

BACKGROUND

Plaintiff commenced this action through counsel on September 14, 2019, in New York State Supreme Court, Nassau County. (DE [1-1].) On January 27, 2020, Target removed the action to this Court on the basis of diversity jurisdiction. (DE [1].) An initial conference was held before this Court on August 31, 2020, during which a formal discovery plan was not adopted but certain preliminary documents and medical authorizations were directed to be produced. A status conference was scheduled for November 4, 2020.

Several status conferences were held between November 2020 and October 2021, during which a number of discovery disputes were ruled upon and multiple extensions of discovery were granted. By motion dated October 15, 2021, Plaintiff's counsel moved to withdraw as counsel, citing a breakdown of the attorney-client relationship. (DE [33].) Upon receipt of the motion, the Court scheduled a hearing on the motion for November 4, 2021 and stayed all proceedings in this action. At the request of Plaintiff's counsel, (DE [34]), the hearing on the motion to withdraw was rescheduled to November 2, 2021. Plaintiff was served with notice of the hearing on October 19, 2021. (DE [36].)

The hearing on Plaintiff's counsel's motion to withdraw as counsel was held on November 2, 2021. Despite being notified of the hearing and directed to appear, Plaintiff failed to do so. Plaintiff's counsel's motion to withdraw as counsel was granted and Plaintiff was afforded thirty days to obtain new counsel or to notify this Court, in writing, that he intended to proceed pro se. All proceedings were stayed for thirty days. Plaintiff was served with a copy of the Court's November 2, 2021 Order that same day. (DE [37].)

Plaintiff failed to communicate with the Court, nor did new counsel appear on his behalf, by the December 2, 2021 deadline. By Order dated December 16, 2021, this Court afforded

Plaintiff until January 4, 2022 to either obtain new counsel or advise the Court, in writing, that he would be proceeding pro se. The Court also scheduled a telephone status conference for January 10, 2022 and directed Plaintiff to appear. Plaintiff was served with a copy of the Court's December 16, 2021 Order that same day. (DE [40].)

Plaintiff failed to appear for the status conference held on January 10, 2022. Nor did he communicate with the Court or Defendant's counsel as to his non-appearance. The Court afforded Plaintiff until January 27, 2022 to obtain new counsel or advise the Court that he would be proceeding pro se. Plaintiff was warned that failure to communicate with the Court by the January 27, 2022 deadline would result in a recommendation to the District Court that this action be dismissed, with prejudice, for failure to prosecute. Defendant's counsel served Plaintiff with a copy of the Court's January 10, 2022 Order that same day. (DE [41].)

Plaintiff failed to communicate with the Court or have new counsel appear on his behalf by January 27, 2022. By Order dated February 10, 2022, this Court afforded Plaintiff one final chance – until February 24, 2022 – to obtain new counsel or to advise the Court that he would be proceeding pro se. Again, Plaintiff was warned that failure to comply with the Court's Order would result in a recommendation to the District Court that this action be dismissed, with prejudice, for failure to prosecute. Plaintiff was served with a copy of the Court's February 10, 2022 Order that same day. (DE [42].)

Plaintiff failed to communicate with the Court by February 10, 2022. Nor has new counsel entered an appearance on Plaintiff's behalf. Since the withdrawal of Plaintiff's counsel, there has been no communication whatsoever by Plaintiff with the Court. Nor has Plaintiff communicated with Defendant's counsel.

DISCUSSION

It is well-settled that "[t]he district court [] has the power under [Rule] 41(b) to dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." Simmons v. Abruzzo, 49 F.3d 83, 87 (2d Cir. 1995); see also Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993) ("A district court may, sua sponte, dismiss an action for lack of prosecution pursuant to Fed. R. Civ. P. 41(b)"). "Courts have repeatedly found that dismissal of an action is warranted when a litigant, whether represented or instead proceeding pro se, fails to comply with legitimate court directives." Robinson v. Sposato, No. 13-CV-3334, 2014 WL 1699001, at *1 (E.D.N.Y. Apr. 24, 2014) (internal quotation marks and citations omitted).

When considering a "dismissal for failure to prosecute [or] dismissal pursuant to [Rule] 41(b) for failure to comply with an order of the court," a court principally examines the following factors:

- the duration of plaintiff's failures or non-compliance;
- whether plaintiff had notice that such conduct would result in dismissal;
- whether prejudice to the defendant is likely to result;
- whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and
- whether the court adequately considered the efficacy of a sanction less draconian than dismissal.

Baffa v. Donaldson, Lufkin & Jenrette Secs. Corp., 222 F.3d 52, 62-63 (2d Cir. 2000); see also Lewis v. Rawson, 564 F.3d 569, 576 (2d Cir. 2009); Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996). Generally, "no one factor is dispositive." Lewis, 564 F.3d at 576 (quoting U.S. ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 253 (2d Cir. 2004)); Nita v. Conn. Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994); Peart v. City of New York, 992 F.2d 458, 461 (2d Cir. 1993) ("[D]ismissal for want of prosecution is a matter committed to the discretion of the trial

4

judge and the judge's undoubtedly wide latitude is conditioned by certain minimal requirements.") (internal quotation marks and citation omitted).

Here, the pertinent factors weigh in favor of dismissal of this action. Plaintiff has failed to make several appearances in this matter, as well as comply with Court-ordered deadlines, despite being properly served with notice of such. Moreover, there has been no contact by Plaintiff with either Defendant's counsel or the Court. Although Plaintiff has been given multiple opportunities to communicate with this Court, he has remained silent. Indeed, since the withdrawal of his counsel in November 2021, Plaintiff has failed to advance this litigation in any meaningful way.

At this time, the Court and Defendants are unable to communicate with Plaintiff. Plaintiff's failure to follow Court directives and his lack of prosecution has an adverse impact not only on the Court's calendar, but also on the Defendants, who already bear the costs and burdens incidental to defending civil litigation. See Southerland v. City of New York, 681 F.3d 122, 137 (2d Cir. 2012) (Jacobs, C.J. dissenting) ("An individual defendant has at stake his savings, his pension, the equity in his home, the kids' college fund"). This delay is unnecessary, unfair, and has impeded Defendant's ability to marshal an effective defense. As the Second Circuit has recognized, "prejudice resulting from unreasonable delay may be presumed as a matter of law." Peart, 992 F.2d at 462 (citation omitted).

In view of the foregoing lack of activity in this matter, it is respectfully recommended that the District Court enter an order dismissing this case for failure to prosecute.

## RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that this action be dismissed, with prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

OBJECTIONS

A copy of this Report and Recommendation is being electronically served on counsel. Further, the Court is directing Defendant's counsel to serve a copy of this Report and Recommendation by overnight mail and first-class mail to Plaintiff at his last known address(es), and to file proof of service on ECF, by March 5, 2022. Any written objections to the Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals. Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").

**SO ORDERED:**

Dated: Central Islip, New York
March 3, 2022

                                               /s/ Anne Y. Shields
                                               ANNE Y. SHIELDS
                                               United States Magistrate Judge